UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID DANIEL DIEHL,

        Plaintiff,

v.                                                        Case No. 20-11127

ADVANCED CORRECTIONAL HEALTH
CARE, and MICHAEL MURPHY,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER, DIRECTING THE CLERK TO SERVE PLAINTIFF'S PENDING MOTION ON DEFENDANTS, AND DIRECTING DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION**

**I. INTRODUCTION**

This matter came before the court on a *pro se* "Emergency Motion for Preliminary Injunction and Temporary Restraining Order." (ECF No. 1.) Plaintiff David Daniel Diehl is confined at the Livingston County Jail in Howell, Michigan. He states that he is illiterate and that someone assisted him in filing his motion. (*Id.*, PageID.2.) Defendants are Advanced Correctional Health Care and Livingston County Sheriff Michael Murphy.

Plaintiff did not file a complaint, but in his emergency motion he alleges that needs surgery for a hernia that may have previously ruptured. (*Id.*, PageID.1-2.) Plaintiff also alleges that, on approximately March 10, 2020, a jail doctor and hospital employee informed him that he needs, and will be scheduled for, surgery. (*Id.*)

According to Plaintiff, nothing has been done, and he has been told that, if the hernia "splits the wrong way," poison can enter his body and make him sick or worse. (*Id.*)

Plaintiff further alleges that, due to Defendants' negligence in delaying or ignoring his medical condition, he is at risk of future harm. (*Id.*, PageID.2.) He seeks immediate medical attention, including a surgical procedure to fix his medical problem, and any other relief deemed proper and just. (*Id.*)

## II.  DISCUSSION

The court begins its discussion by noting that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (*per curiam*)); *see also Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (stating that preliminary injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it"). When determining whether a temporary restraining order ("TRO") should be granted, the Court considers the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay.

*Northeast Ohio Coalition for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000) (citing *Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997)).

2

## A.  Success on the Merits

Plaintiff's allegations implicate the Eighth or Fourteenth Amendments to the United States Constitution.  The Eighth Amendment prohibits "cruel and unusual punishments."  U.S. Const. amend. VIII.  Although the Amendment applies only after a formal adjudication of guilt, *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), "[d]ue process requires that a pretrial detainee not be punished."  *Bell v.* Wolfish, 441 U.S. 520, 535 n.16 (1979).  Thus, whether Plaintiff is a convicted prisoner or a pretrial detainee, he has a right to be free from cruel and unusual punishment:

> The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment.  The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.

*Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)); *see also Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (stating that, when a claim of deliberate indifference to serious medical needs "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point") (quoting *Phillips v. Roane Cty.*, 534 F.3d 531, 539 (6th Cir. 2008)).  To prevail on a claim that Defendants violated Plaintiff's constitutional right to medical care, Plaintiff must prove (1) that the alleged deprivation was sufficiently serious, and (2) that Defendants had a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Winkler*, 893 F.3d at 890-91.

In conditions of confinement cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety."  *Farmer*, 511 U.S. at 834.  "[D]eliberate indifference entails something more than mere negligence."  *Id.* at 835.  As explained in *Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018), "[t]he plaintiff must show both that the

3

alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Id.* at 737.

Plaintiff has not shown that the named defendants were aware of his condition and that they had a sufficiently culpable state of mind rising above gross negligence. His conclusory allegations that Defendants delayed or ignored his medical problem, without any supporting facts, are unlikely to state a plausible claim for relief in a federal civil rights complaint. *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016); *Harrington v. Grayson*, 811 F. Supp. 1221, 1227 (E.D. Mich. 1993). (ECF No. 1, PageID.1-2.) Accordingly, Plaintiff has not shown a strong likelihood of success on the merits. Although he may be successful in a future complaint, that does not mean he is entitled to a TRO at this preliminary stage of the proceedings. The first factor weighs against Plaintiff and in favor of denying a TRO.

### B. Irreparable Injury

Plaintiff alleges that he could get sick or worse if his hernia ruptures and "poison[s]" his body. (ECF No. 1, PageID.1-2.) The rupture of Plaintiff's hernia would be an irreparable injury due to the associated health risks and because the injury would not be fully compensable by money damages. *See Overstreet*, 305 F.3d at 578 (noting that "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages"). Thus, Plaintiff has satisfied the second factor.

### C.  Substantial Harm to Others

The third factor requires a determination of whether substantial harm to others will occur in the absence of a TRO.  Defendants would likely incur significant costs if the court were to grant a TRO.

Furthermore, granting a TRO could remove from Defendants the deference they should be afforded in providing the most appropriate medical treatment to the individuals under their care.  *Hughes v. Lavender*, No. 2:10-CV-674, 2011 WL 1337155, at *4 (S.D. Ohio Apr. 6, 2011), *report and recommendation adopted*, No. 2:10-CV-674, 2011 WL 2457840 (S.D. Ohio June 16, 2011).

In other words,

> [w]here a prison inmate seeks an order enjoining prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland,* 740 F.2d 432, 438 (6th Cir. 1984).  Prison administrators are given broad discretion in operating their prisons as long as they are pursuing legitimate penological objectives. This Court is ill-suited to make preliminary decisions based on disputed medical evidence which would interfere with the operation of the prison medical system.

*Wagle v. Skutt*, No. 10-CV-10506, 2011 WL 6019435, at *3 (E.D. Mich. Oct. 27, 2011), *report and recommendation adopted*, No. 10-10506, 2011 WL 6004241 (E.D. Mich. Dec. 1, 2011) (Edmunds, J.).  Because the same principle applies to jail officials, Plaintiff has failed to satisfy the third factor.

### D.  Public Interest

The fourth and final factor is whether the public interest would be served by granting a TRO.  In *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982), the Supreme Court stated that "[i]n exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of

5

injunction." *Id.* at 312 (citing *Railroad Comm'n. v. Pullman Co.*, 312 U.S. 496, 500 (1941)). When an injunction would impair a public interest, even temporarily, "the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff." *Id.* at 312-313 (quoting *Yakus v. United States,* 321 U.S. 414, 440 (1944)).

Here, even if Defendants are the proper defendants, Plaintiff's motion indicates that he has received some medical attention for his problem. Defendants may have already scheduled the surgery, or they may have valid reasons for not having scheduled the surgery.

It would not be in the public's interest to order an immediate surgical procedure if surgery has been scheduled, is unnecessary, or can be temporarily delayed. Thus, Plaintiff has failed to satisfy the fourth factor.

### III.  CONCLUSION

The first, third, and fourth factors weigh against granting a TRO. *Blackwell*, 467 F.3d at 1009. Moreover, the court's finding on the first factor – that there is no likelihood of success on the merits – is considered fatal under *Gonzales,* 225 F.3d at 625. Accordingly,

IT IS ORDERED that Plaintiff's "Emergency Motion for . . . Temporary Restraining Order" (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall serve Plaintiff's motion (ECF No. 1) and a copy of this order on Defendants at the Livingston County Jail, 140 South Highlander Way, Howell, MI  48843.

Lastly, IT IS ORDERED that Defendants shall file an answer to Plaintiff's request for a preliminary injunction within twenty-one (21) days of the date of this order.

s/Robert H. Cleland              /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 15, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 15, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11127.DIEHL.TRO.BH.RMK.docx